UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GERALD PROPHETE,

               Plaintiff,

-against-

NYPD,

               Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
07-CV-3061 (NG)

GERSHON, United States District Judge.

    Plaintiff, appearing *pro se,* brings this action alleging violations of his rights under the First and Fourth Amendments to the Constitution. Plaintiff has paid the filing fee to bring this action. However, for the reasons stated below, plaintiff is directed to amend his complaint within thirty (30) days.

## DISCUSSION

    Plaintiff's complaint is incomprehensible. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

1

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

Plaintiff's complaint also fails to name a proper defendant. Here, plaintiff only names the New York City Police Department as a defendant, he does not name the individual defendants who allegedly violated his constitutional rights or allege how each defendant was personally involved in the denial of his constitutional rights. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Thus, the New York City Police Department, as an agency of the City of New York, lacks independent legal existence and cannot be sued under § 1983. See Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them); Signorile v. City of New York, 887 F.Supp. 403, 421-22 (E.D.N.Y. 1995) (the New York City Police Department is not a proper party under § 1983).

## LEAVE TO AMEND

Plaintiff's complaint falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague and unintelligible. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

Should plaintiff file an amended complaint, plaintiff must also identify, as best he can,

the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be identified. Plaintiff shall refer to any unidentified defendant as John or Jane Doe. Plaintiff shall also name the defendants in the caption of his amended complaint. Furthermore, plaintiff must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. Finally, plaintiff must specify the date and location of the events giving rise to his civil rights claim.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to Fed. R. Civ. P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/NG
_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
August 3, 2007

3